Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond K. Lohr,<br><br>                    Plaintiff,<br><br>v.<br><br>CoreCivic, Inc. and Frederick Figueroa,<br><br>                    Defendants. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiff Raymond K. Lohr, by and through undersigned counsel, seeks relief in this Original Complaint against Defendants CoreCivic, Inc. and Frederick Figueroa, as follows:

### THE PARTIES

1. Plaintiff Raymond K. Lohr is a resident of Pinal County, Arizona, and, at all relevant times in this Complaint, an "employee" of CoreCivic, Inc. for purposes of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and CoreCivic, Inc. and Frederick Figueroa for purposes of the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

2. Defendant CoreCivic, Inc. ("CoreCivic") is a Maryland corporation authorized to do business in and doing business in Arizona. All acts alleged in this Complaint occurred in Pinal County, Arizona.

3. CoreCivic was an "employer" of Plaintiff within the meaning of the ADA and FMLA at all times material to this action.

4. Defendant Frederick Figueroa is, upon information and belief, a resident of Pinal County, a warden for CoreCivic with authority to hire and fire employees including Plaintiff, and was at all relevant times Plaintiff's "employer" within the meaning of the FMLA only.



5. At all times pertinent to this Complaint, CoreCivic's management officials were acting within the course and scope of their employment with CoreCivic; and as a result thereof, Defendant CoreCivic is responsible and liability is imputed for the acts and omissions of its management officials, as alleged herein, under the principle of *respondeat superior*, agency, and/or other applicable law.

6. Defendant CoreCivic, at all relevant times herein, employed over 500 persons.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343.

8. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Pinal County, State of Arizona.

9. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. CoreCivic is a large private prison contractor in the State of Arizona.

11. CoreCivic hired Mr. Lohr on June 26, 1995 as a Correctional Officer.

12. Except for a six month period in 1996, Mr. Lohr served in that position until his termination in June 2019.

13. Over the course of Mr. Lohr's long career with CoreCivic, he had no suspensions and nearly no write ups—certainly none in the last five years.

14. In contrast, he routinely received "meets expectations" or "exceeds expectations" in his reviews, and was named "Employee of the Month" once, "Safety Employee of the Month" once, and nominated several additional times over the course of his career.

15. Mr. Lohr was dedicated to Core Civic—even though he occasionally experienced personal difficulties—going above and beyond his regular job duties.

16. As a few examples, Mr. Lohr:
   a. stayed with Core Civic even though an employee ran off with retirement funds belonging to him and others, and even though Core Civic never repaid those funds;
   b. started a recycling program at Core Civic, earning the company over $100,000;
   c. landscaped the facility; and



2

| | |
|---|---|
| 1 |     d. came up with creative solutions to solve the parking situation at the facility where he |
| 2 | worked. |
| 3 | 17.    In November 2018, Core Civic granted Mr. Lohr leave under the FMLA, after he |
| 4 | suffered a series of traumatic events in his personal life. |
| 5 | 18.    By April 2019, Mr. Lohr's medical provider cleared him to return a work, creating |
| 6 | a gradual plan for him to regain his full duties. |
| 7 | 19.    Mr. Lohr contacted Human Resources with the plan to return to work. |
| 8 | 20.    According to the HR representative, and upon information and belief, CoreCivic's |
| 9 | Warden Frederick Figueroa rejected the plan, saying he did not want Mr. Lohr to return back to |
| 10 | work. |
| 11 | 21.    CoreCivic employed a "100% healed" policy either in general or specific to Mr. Lohr |
| 12 | whereby Mr. Lohr was not permitted to work until he was "completely well." |
| 13 | 22.    Without engaging in any interactive process to explore possible solutions, the HR |
| 14 | representative suggested that Mr. Lohr simply retire. |
| 15 | 23.    At that time, Mr. Lohr was just 54 years and had no plans to retire. |
| 16 | 24.    In fact, he loved his job and fully intended to work at Core Civic another 11 years |
| 17 | until retirement at age 65. |
| 18 | 25.    During the next two months, Mr. Lohr called HR at least two more times, trying to |
| 19 | return to work. |
| 20 | 26.    The HR representative never returned his call. |
| 21 | 27.    The two additional HR personnel he spoke with also failed to assist him. |
| 22 | 28.    Ultimately, Core Civic terminated his employment on or about June 22, 2019, the |
| 23 | day his FMLA hours allegedly expired, without any further contact with Mr. Lohr. |
| 24 | **Administrative Remedy Exhaustion** |
| 25 | 29.    Mr. Lohr formalized a Charge of Discrimination on September 2, 2019. A true and |
| 26 | correct copy of that document is attached as Exhibit A. |
| 27 | 30.    Mr. Lohr received an undated notice of suit rights for the Charge from the EEOC, |
| 28 | postmarked as of October 20, 2020. A true and correct copy of that document (and the postmarked |



envelope) is attached hereto as Exhibit B.

31. This Complaint is brought prior to 90 days from the date Mr. Lohr received his right to sue letter.

32. All conditions precedent necessary to the filing of this lawsuit have been performed or have occurred.

## FIRST CAUSE OF ACTION – FMLA INTERFERENCE

33. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

34. Plaintiff applied for and received FMLA leave during his employment with Defendants for his own serious health condition.

35. As alleged above, Plaintiff was not allowed to work, or returned to his same or equivalent position, but was instead terminated by Defendants.

36. It is unlawful for Defendants to make any decision to terminate Plaintiff for exercising his rights under the FMLA.

37. Furthermore, Defendants used Plaintiff's exercise of his leave rights under the FMLA as a negative factor in making the decision to terminate him. *Bachelder v. American West Airlines, Inc.,* 259 F.3d 1112 (9th Cir. 2001).

38. The Defendants have thus interfered with Plaintiff's FMLA rights.

39. The Defendants' actions in violating the FMLA were willful, unreasonable, and without good faith.

40. Thus, in addition to the amount of any lost compensation, benefits and other monetary damages owed, Plaintiff is entitled to recover from the Defendants an additional equal amount as liquidated damages.

## SECOND CAUSE OF ACTION – ADA DISCRIMINATION AND FAILURE TO ACCOMMODATE

41. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

42. Plaintiff was a qualified individual with a disability, capable of performing his job with reasonable accommodations.

43. Plaintiff's physical and mental condition, as described above, caused substantial

limitation to the performance of major life activities.

44. Plaintiff's use of FMLA leave further placed Defendant CoreCivic on notice of a disability and contributed to the perception by CoreCivic that Plaintiff experienced substantial limitations of major life activities.

45. CoreCivic employed a "100% healed" policy, thus engaging in direct discrimination against Plaintiff in violation of the ADA.

46. CoreCivic terminated Plaintiff because of his disability, thus engaging in direct discrimination against Plaintiff in violation of the ADA.

47. Furthermore, CoreCivic failed to engage in the interactive process with Plaintiff, who had requested an accommodation, thus failing to accommodate Plaintiff in violation of the ADA.

48. As a direct and proximate result of CoreCivic conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

49. Plaintiff continues to lose the value of such wages and benefits into the future.

50. As a direct and proximate result of CoreCivic's conduct, Plaintiff has further sustained damages in the form of emotional distress.

## DEMAND FOR TRIAL BY JURY

51. Plaintiff hereby demands a trial by jury, pursuant to the U.S. Constitution, Seventh Amendment and Federal Rules of Civil Procedure Rule 38(a, b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal law;

B. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

C. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' interfering and discriminatory treatment of him, and make him whole for all



earnings he would have received but for Defendants' interfering and discriminatory actions, including, but not limited to, back pay, front pay (if reinstatement is unfeasible), pension, lost benefits, and other monetary damages owed;

  D. Ordering equitable relief, including an injunction against future interference and discrimination, mandatory training, and reinstatement;

  E. Awarding compensatory damages in an amount to be determined by the jury;

  F. Awarding liquidated damages under the FMLA for Defendants' actions taken without good faith;

  G. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

  H. For such other and further relief as the Court deems just and proper.

Respectfully submitted on this 30th day of November, 2020,

          JOSHUA CARDEN LAW FIRM, P.C.

          By: s/Joshua W. Carden
          Joshua W. Carden
          *Attorney for Plaintiff*
          *Raymond Lohr*

